23CA1414 Peo v Shea 07-30-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1414
City and County of Denver District Court No. 04CR4896
Honorable Alex C. Myers, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Danny Shea,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE MEIRINK
Pawar and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Jonathan D. Repucci, Alternate Defense Counsel, Denver, Colorado; Mark G.
Walta, Alternate Defense Counsel, Littleton, Colorado, for Defendant-Appellant

¶ 1     Defendant, Danny Shea, appeals the district court's decision denying his postconviction motion, which sought relief under Crim. P. 35(a) and alternative relief under Crim. P. 35(c).  We affirm.

## I.     Background

¶ 2     In 2008, Shea was convicted of several felonies, including violating the Colorado Organized Crime Control Act.  Based on three prior felony convictions, the court adjudicated him a habitual criminal under section 18-1.3-801, C.R.S. 2008.  One of Shea's predicate convictions for the habitual criminal charge — Jefferson County Case No. 95CR1797 — was for possession of marijuana with intent to distribute in violation of section 18-18-406(8)(b)(III)(A), C.R.S. 1995, which was a class 4 felony at the time.[1]

¶ 3     In June 2020, the Colorado General Assembly passed House Bill 20-1424, which authorized the governor to pardon defendants who were convicted of possession of up to two ounces of marijuana.

---

[1] As discussed later in the opinion, a second mittimus dated December 29, 1999, nunc pro tunc January 31, 1996, incorrectly listed the conviction as possession of one ounce or less of marijuana, a class 2 petty offense, in violation of section 18-18-406(1), C.R.S. 1995.

§ 16-17-102(2), C.R.S. 2020.  Pursuant to the statute and article IV, section 7, of the Colorado Constitution, Governor Jared Polis issued an executive order, which granted "full and unconditional pardons to individuals convicted of possession of one (1) ounce or less of marijuana" but specified that "no other charges or convictions [we]re pardoned."  Colo. Exec. Order No. C 2020 004 (Oct. 1, 2020). The executive order "restored in full without condition," all "rights of citizenship associated with the pardoned conviction" and removed "all civil disabilities and public sufferings associated with the pardoned conviction."  *Id.*  Governor Polis directed the Department of Public Safety, through the Colorado Bureau of Investigation (CBI), "to develop a process to indicate on criminal background checks which individuals' convictions ha[d] been pardoned pursuant to th[e] [e]xecutive [o]rder."  *Id.*

¶ 4     In 2022, Shea sent the CBI a request asking if the executive order applied to his marijuana conviction in Case No. 95CR1797. On July 27, 2022, the CBI sent Shea a letter (2022 CBI Letter) indicating that "[t]he conviction [Shea] ha[d] identified [wa]s covered by the executive order and ha[d] been pardoned by the Governor."

¶ 5　　In December 2022, Shea filed a "Motion to Correct Illegal Sentence Pursuant to Crim. P. 35(a), or in the Alternative, to Vacate the Sentences Imposed Pursuant to Crim. P. 35(c)." He argued that, because his predicate marijuana conviction in Case No. 95CR1797 had been pardoned, it couldn't be used as a basis for his habitual criminal sentence, and because his sentence was unauthorized, it violated Crim. P. 35(a). Alternatively, he argued that, under Crim. P. 35(c), the pardon of one of the predicate convictions voided the habitual criminal judgment because the statutory requirements of section 18-1.3-801(2)(a)(1), C.R.S. 2008, hadn't been satisfied. The People filed a response agreeing that "there was no dispute regarding the facts" and conceding that "Shea's conviction for possession of marijuana was one of the predicate offenses supporting his habitual conviction and that Shea ha[d] since been pardoned for this offense by the governor." Thus, according to the People, the only question for the postconviction court to resolve was the legal significance of the pardon.

¶ 6　　The court found that Shea wasn't eligible for relief under Crim. P. 35(a) because he didn't dispute that his sentence was authorized by law at the time it was imposed. But it determined that Shea's

claim was cognizable under Crim. P. 35(c).[2]  Applying analogous

federal case law on presidential pardons, the court concluded that

because a pardon doesn't "erase the fact of the conviction," a

pardoned conviction could still be used as a predicate conviction

under the habitual criminal statute, leading it to deny Shea's

postconviction motion.

---

[2] The postconviction court found that Shea's motion was not time-barred under section 16-5-402(1), C.R.S. 2025, because (1) he couldn't have raised his claim in his direct appeal or in his previous postconviction motion; (2) three years had not elapsed, even if Shea could've raised his claim following the governor's pardon in October 2020, between the issuance of the pardon and the filing of Shea's postconviction motion; and (3) the prosecution conceded that Shea's motion wasn't time barred.

The People conceded in their response to Shea's motion that, while untimely, Shea's filing delay was the result of justifiable excuse. *See* § 16-5-402(2)(d).  But the People now argue that Shea alleged no justifiable excuse for the filing delay and that his claim is time barred.  We admonish the People for raising this argument on appeal when they took the opposite position before the district court despite knowing what they were conceding.  *See Garcia v. People*, 2022 CO 6, ¶ 18 n.2 ("It is unclear why, in light of this admonition, the People consider it appropriate to try to walk back their concession before the division.").  We assume, without deciding, that Shea's Crim. P. 35(c) claim was not time barred.

## A.    Shea's Original Appeal

¶ 7      Shea appealed, claiming that (1) under Crim. P. 35(a), the pardon absolved him of his prior predicate conviction and his aggregate sentence was *now* unauthorized by law; and (2) under Crim. P. 35(c), the pardon of his predicate conviction voided the habitual criminal judgment because the habitual criminal statute hadn't been satisfied.

¶ 8      After Shea filed his opening brief with this court, the CBI sent him a letter in September 2024 (2024 CBI Letter) indicating that the charge of "Petty Class 2 Possession of Marijuana less than 1 oz." had been reported incorrectly to the CBI and that the "correct charge" was marijuana possession with intent to distribute, which is a class 4 felony.  Based on the "charge update," the conviction that Shea had "identified wa[s] not eligible for pardon under the executive order issued."

¶ 9      The People moved to dismiss Shea's appeal.[3]  Because it was unclear if the issues on appeal were moot, we issued a limited

---

[3] A motions division of this court deferred ruling on the motion to the division assigned to address the merits of the appeal but noted that the People could raise the issue in their answer brief and that Shea could respond in his reply brief.

remand to the postconviction court to "make whatever findings and conclusions [we]re necessary to clarify whether . . . Shea 'received a pardon for one of the predicate convictions used in support of his adjudication as a habitual criminal.'" *People v. Shea*, (Colo. App. No. 23CA1414, Mar. 26, 2025) (unpublished order).

## B. The Limited Remand

¶ 10 Both parties filed briefs on limited remand. The postconviction court determined that an evidentiary hearing was unnecessary because neither party raised a factual issue and the court could rely on the evidence already contained in the record to determine whether Shea was pardoned for his marijuana conviction in Case No. 95CR1797. The postconviction court made the following findings:

- Based on the certified record for Case No. 95CR1797, Shea pleaded guilty to and was convicted of possession with intent to distribute an unspecified amount of marijuana, a class 4 felony in violation of section 18-18-406(8)(b)(III)(A), as it existed in 1995.

- Both the original mittimus for Case No. 95CR1797 and Shea's signed plea agreement showed that Shea pleaded guilty to

6

possession with intent to distribute an unspecified amount of marijuana.

- A second mittimus (dated December 29, 1999, nunc pro tunc January 31, 1996) erroneously listed Shea's conviction in Case No. 95CR1797 as possession of one ounce or less of marijuana, a class 2 petty offense, in violation of section 18-18-406(1), C.R.S. 1995.

- The sentencing court addressed the discrepancy between the original mittimus and the second mittimus in 2008 and confirmed that Shea's conviction in Case No. 95CR1797 "was in fact a felony conviction both in terms of sentencing and conviction based upon the defendant's plea."

- Based on input from the incorrect second mittimus, the CBI's software code automatically marked Shea's conviction in Case No. 95CR1797 as "PARDONED HB 20-1424."

- The 2022 CBI Letter was issued erroneously because it was based off the software coding error and the second mittimus.

- After confirming the error, the CBI sent Shea the 2024 CBI Letter apprising him that he wasn't eligible for a pardon based on his marijuana conviction in Case No. 95CR1797.

7

¶ 11    Having made those findings, the postconviction court concluded that, as a matter of law, Shea was never pardoned, and the purported pardon conveyed through the 2022 CBI Letter was invalid because it exceeded the specific pardon power granted through House Bill 20-1424 and section 16-17-102(1), (2), C.R.S. 2020.  The court also found that the 2024 CBI Letter didn't (and couldn't) rescind a pardon that was never granted.  Because there wasn't a pardon, the court denied Shea's 2022 postconviction motion, and we lifted the stay of the appeal.

## II.    Analysis

¶ 12    Although the landscape of Shea's original arguments on appeal has changed, the question before us remains the same: whether the postconviction court erred by denying Shea's December 2022 postconviction motion.

¶ 13    We hold that it didn't and affirm the court's judgment that, as a matter of law, Shea wasn't entitled to his requested relief because his predicate marijuana conviction in Case. No. 97CR1797 was never pardoned.

## A.  Authority to Issue a Limited Remand

¶ 14    As an initial matter, Shea's argument that we "invented and appl[ied] novel remand procedures" and circumvented Crim. P. 35(c) by ordering a limited remand is misplaced.  We exercised our authority to issue a limited remand because it was unclear whether Shea's original claims on appeal were moot.  *See Davidson v. Comm. for Gail Schoettler, Inc.*, 24 P.3d 621, 623 (Colo. 2001) ("Courts must confine their exercise of jurisdiction to cases that present a live case or controversy.").  And we can't make factual findings.  *See People v. Madrid*, 2023 CO 12, ¶ 58 (recognizing that, under certain circumstances, "the appropriate procedure is to remand the case for more detailed findings by the trial court" (citation omitted)).  Accordingly, we reject Shea's argument that we lacked authority to issue the limited remand order.

## B.  An Evidentiary Hearing Wasn't Necessary

¶ 15    When we ordered the limited remand, it was unclear whether a hearing was necessary, but for the reasons set forth below, we conclude that it wasn't.

¶ 16    A court must hold an evidentiary hearing on a Crim. P. 35(c) motion unless the motion, files, and record clearly establish that

the defendant isn't entitled to relief. *People v. Coit*, 50 P.3d 936, 938 (Colo. App. 2002). But an evidentiary hearing isn't necessary if only questions of law are presented. *Id.*; *see also People v. McCall*, 662 P.2d 178 n.3 (Colo. 1983) (because only issues of law were raised in the postconviction proceeding and the files and record of the case showed that defendant wasn't entitled to relief, a hearing was unnecessary). Whether or not the court holds a hearing, however, it "must adopt findings and conclusions, showing the bases for its order." *People v. Breaman*, 924 P.2d 1139, 1141 (Colo. App. 1996), *aff'd*, 939 P.2d 1348 (Colo. 1997).

¶ 17  A hearing wasn't necessary because the relevant evidence was already contained in the record; Shea didn't raise any factual issue that couldn't be resolved by referencing the record; and neither party contested the record's accuracy, including the 2024 CBI Letter or the certified and authenticated record of Case No. 95CR1797.[4] *See Kazadi v. People*, 2012 CO 73, ¶¶ 17-20.

---

[4] The authenticated record of Case No. 95CR1797 can be found within our record labeled as People's Exhibit 2 from the June 23, 2008, sentencing hearing.

C.    The Court Didn't Err by Denying Shea's Postconviction Motion.

¶ 18    The denial of a Crim. P. 35 motion is an issue of law that we review de novo.  *People v. Davis*, 2018 COA 113, ¶ 7.

¶ 19    We may "affirm a district court's denial of a Rule 35 motion on any ground supported by the record, even if the district court did not consider or contemplate that ground."  *People v. Hamm*, 2019 COA 90, ¶ 23 (citing *People v. Scott*, 116 P.3d 1231, 1233 (Colo. App. 2004); *see also Moody v. People*, 159 P.3d 611, 615 (Colo. 2007) (recognizing that appellate courts have discretion to affirm decisions on any basis for which there is a sufficient record to permit conclusions of law, even though they may be on grounds other than those relied upon by the trial court).

1.    The 2022 CBI Letter was Issued Erroneously

¶ 20    Shea argues that his pardon is still valid because the second mittimus and operative judgment of conviction show that he had pleaded guilty to possession of one ounce or less of marijuana in violation of section 18-18-406(1), C.R.S. 1995, which was the charge used for the pardon.  Shea's argument is misplaced.  In 2008, the sentencing court found that the second mittimus was incorrect and that he was convicted of possession with the intent to

11

distribute marijuana in violation of section 18-18-406(8)(b)(III)(A), which, in 1995, was a class 4 felony.

¶ 21    The 2022 CBI Letter was based on the incorrect charge that had been included in the second mittimus. As a result, Shea's conviction was marked as "PARDONED HB 20-1424" by a software code used by the CBI, which automatically pardoned charges falling under a certain charge code and record type. After the CBI reached out to the Jefferson County District Court's records department and confirmed that the conviction wasn't for possession of less than one ounce of marijuana but for possession with intent to distribute, the CBI sent Shea the 2024 CBI Letter explaining that "the pardon that was previously reported had been removed." Simply put, because Shea was convicted of possession with intent to distribute marijuana in Case No. 95CR1797, he wasn't eligible for a pardon under the executive order, and the 2022 CBI Letter was issued erroneously.

### 2.    Shea's Marijuana Conviction in Case No. 95CR1797 Wasn't Eligible for Pardon

¶ 22    Section 16-17-102(1), C.R.S. 2025, governs the pardon process and requires the governor to submit a pardon application to

12

the district attorney in the district of conviction, the sentencing judge, and the prosecuting attorney for comment. The statute also requires all applications for pardon to include a certificate from the correctional facility's superintendent showing the applicant's conduct during confinement and evidence of former good character. § 16-17-102(1).

¶ 23    House Bill 20-1424 added subsection (2) to section 16-17-102, which allowed the governor to bypass the process detailed in section 16-17-102(1) and grant pardons to defendants who were "convicted of the possession of up to two ounces of marijuana."

¶ 24    As discussed, though, Shea wasn't convicted in Case No. 95CR1797 of only possessing marijuana but of possession *with intent to distribute* an unspecified amount of marijuana. And possession with intent to distribute any amount of marijuana is still a crime. *See* § 18-18-406(2)(b)(I), C.R.S. 2025 ("[I]t is unlawful for a person to knowingly . . . possess with intent to . . . distribute marijuana . . . ."). Shea's conviction couldn't be pardoned under section 16-17-102(2) because the charge included intent to distribute marijuana, not just possession.

¶ 25    Likewise, because Shea was convicted of possession with intent to distribute, his argument that the executive order covers his felony conviction fails.  Shea contends that the executive order's use of "section 18-18-406, et seq." when describing the convictions it applies to indicates that the pardon covers "any of that statute's subsections, including felony possession with intent to distribute, as described in [section] 18-18-406(8)(b)(III)(A), C.R.S., 1995."  According to Shea, because the pardon expressly applies to "section 18-18-406, et seq.," "it does not matter which provision of that statute was the basis for conviction or whether it was a petty offense or a felony."  We aren't persuaded.

¶ 26    Although the executive order pardons convictions under section "18-18-406, *et seq.*," including felonies, the order states that it applies to "individuals convicted of possession of one (1) ounce or less of marijuana" and that "no other charges or convictions are pardoned."  The executive order, House Bill 20-1424, and section 16-17-102(2), all reference convictions for possession of marijuana only — whether the charge level was a petty offense, misdemeanor, or a felony — not possession with intent to distribute.  Moreover, although House Bill 20-1424 and section 16-17-102(2) authorize

14

the governor to pardon defendants who were previously convicted of possessing up to *two* ounces of marijuana, the governor chose to pardon only those individuals previously convicted of possessing *one* ounce or less of marijuana. *See* Colo. Exec. Order No. C 2020 004 (Oct. 1, 2020). This is consistent with Amendment 64, which legalized consumption and possession of one ounce of marijuana for adults twenty-one years of age or older. Colo. Const. art. XVIII, § 16; *see also* Colo. Exec. Order No. C 2020 004 (Oct. 1, 2020) ("My decision today is a reflection of current law in Colorado, where possession of one (1) ounce or less of marijuana is no longer a crime.").

¶ 27  Aside from not being authorized under section 16-17-102(2), the 2022 CBI Letter purporting to pardon Shea's conviction in Case No. 95CR1797 didn't comply with the procedural requirements of section 16-17-102(1). No application for pardon was submitted to the Jefferson County District Attorney, the sentencing judge, or the prosecuting attorney for comment, and the superintendent of Shea's correctional facility didn't provide a certificate of conduct during confinement. Thus, to the extent Shea argues that the 2022 CBI Letter pardoned him, it was an invalid pardon. *See People ex*

15

*rel. Garrison v. Lamm*, 622 P.2d 87, 88 (Colo. App. 1980) (holding that pardon was invalid for failure to comply with section 16-17-102).

### 3. The Doctrines of Judicial Admission, Estoppel, and Waiver Don't Affect Our Consideration

¶ 28     Shea contends that the People can't retract their concession that he was pardoned for his marijuana possession conviction based on the doctrines of judicial admission, judicial estoppel, and waiver. We disagree.

¶ 29     A judicial admission is a formal, deliberate declaration that a party makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute, is conclusive on the party making it, and continues to have effect throughout the proceedings. *Kempter v. Hurd*, 713 P.2d 1274, 1279 (Colo. 1986); *People v. Backus*, 952 P.2d 846, 849 (Colo. App. 1998). In civil cases, the doctrine is generally applied to prevent litigants from taking "one factual position . . . in their pleadings or at trial and later change that position after the civil litigation has begun, to the detriment of the other party." *Backus*, 952 P.2d at 849. But in the criminal context, the doctrine is

16

applied in a limited manner — for example, to "preclude an accused who has testified to certain facts at trial from contradicting that testimony with irreconcilable defense instructions." *Id.* That situation didn't arise here.

¶ 30   Shea contends that the People originally accepted the pardon contained in the 2022 CBI Letter, stating, "The People do not dispute the fact that Shea has been pardoned for his conviction for possession of marijuana," which Shea says constituted a judicial admission. But we aren't bound by the parties' concessions or the inferences that may be properly drawn from the trial court record. *Id.* at 849-50 ("[N]umerous decisions have held that an appellate court is not bound by the concessions of the parties regarding the applicable law."); *see also People v. McKimmy*, 2014 CO 76, ¶ 17 (recognizing that no authority exists purporting to bind an appellate court to the prosecution's statements made in the trial record).

¶ 31   Similarly, the doctrine of judicial estoppel doesn't preclude the People from arguing that Shea's marijuana conviction in Case No. 95CR1797 was never pardoned, even if they previously conceded that it was. Judicial estoppel prevents a "party from asserting inconsistent positions in the same or related litigation which may

17

result in multiple recovery for that party or defeat a legitimate claim for recovery made by the opposition." *Est. of Burford v. Burford*, 935 P.2d 943, 947 (Colo. 1997). The main function of judicial estoppel is to promote truth and fairness by precluding one party from obtaining an unfair advantage by misleading the court. *Id.* at 950. But the cases Shea cites are civil. And he hasn't presented, nor have we found, a case in which judicial estoppel was raised to preclude the State from taking a differing position in a criminal case under circumstances where, as here, new intervening facts (like the 2024 CBI Letter) undermine the basis for the State's previous position. Likewise, Shea hasn't articulated how the People have misled the court by taking an inconsistent position.

¶ 32    Finally, as to waiver, the People's concession wasn't the intentional relinquishment of a known right because Shea hasn't shown that the People were aware that he was ineligible for a pardon at the time they made the concession or that they knew the 2022 CBI Letter was issued because of a coding error. *Cf. People v. Thames*, 2015 CO 18, ¶ 12 ("A waiver is knowing and intelligent when made with awareness of the nature of the right being abandoned and the consequences of the decision to abandon it.").

At the time that the district attorney made the concession, it was reasonable for her to rely on the 2022 CBI Letter indicating that Shea had been pardoned, and it wasn't reasonably foreseeable that the CBI would later notify Shea that he was ineligible for a pardon.

### 4. No Pardon is Being Rescinded

¶ 33 Shea claims — and we agree — that both the court and CBI lack the authority to rescind a validly issued pardon.

¶ 34 The governor has the exclusive "power to grant . . . pardons after conviction." Colo. Const. art. IV, § 7; *see People ex rel. Dunbar v. Dist. Ct.*, 502 P.2d 420, 422 (Colo. 1972). Thus, no other person or governmental entity within the State can grant pardons. *See Dunbar*, 502 P.2d at 422 ("The judicial department cannot interfere with the executive department, except where constitutionally permissible."). And, once validly issued, a pardon can't be altered by the courts. *See People v. Simms*, 528 P.2d 228, 228-29 (Colo. 1974) ("[S]ince the governor has already commuted defendant's sentence, we lack jurisdiction to reduce, or in any way alter or amend the sentence as commuted.").

¶ 35 Here, neither the CBI nor the postconviction court rescinded Shea's pardon because there was no pardon to rescind. As we have

already discussed, Shea was ineligible for a gubernatorial pardon for his marijuana conviction in Case No. 95CR1797 under the executive order and section 16-17-102. The 2024 CBI Letter merely clarified his ineligibility; it didn't rescind anything.

¶ 36 Likewise, contrary to Shea's assertion, the CBI didn't make a legal determination that Shea was eligible for a pardon. Rather, to help implement the pardon procedure, the executive order directed the CBI "to develop a process to indicate on criminal background checks which individuals' convictions have been pardoned pursuant to" the executive order. As we mentioned, *supra* Part II.C.1, the 2022 CBI Letter was generated because of a software coding error based on input from the incorrect second mittimus. The 2024 CBI Letter simply clarified that the "pardon that was previously reported ha[d] been removed."

¶ 37 Moreover, we aren't persuaded by Shea's argument that he wasn't afforded sufficient due process to challenge his "revoked" pardon. Shea was given ample opportunity on limited remand to address whether he received a pardon. And although Shea requested a hearing, for the reasons we articulated in Part II.B, a hearing was unnecessary.

¶ 38    In sum, Shea isn't entitled to the relief he requested, and the court properly denied his postconviction motion because he wasn't pardoned for the predicate marijuana conviction in Case No. 95CR1797.

### III.    Disposition

¶ 39    We affirm the postconviction court's judgment.

JUDGE PAWAR and JUDGE SULLIVAN concur.